**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

**STACY POWERS** §

VS. § **CIVIL ACTION NO. 5:09cv35**

**COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION** §

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Caroline Craven. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition.

Plaintiff filed objections. Plaintiff states that her condition continues to deteriorate. On January 28, 2009, the ALJ issued an opinion denying benefits to Plaintiff. Any deterioration in her condition after that date is not relevant to the ALJ's Decision. A court may not remand a case for consideration of evidence showing only a subsequent deterioration in Plaintiff's condition after the Commissioner's final determination. *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995). For evidence to be material, it must relate to a time period for which disability benefits were denied. *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Generally, evidence relating to post-hearing conditions is irrelevant in actions for judicial review. *Nehlig v. Comm'r of Soc. Sec. Admin.*, 40 F. Supp. 2d 841, 849 (E.D. Tex. 1999). Plaintiff's objection based on the alleged continuing deterioration of her condition lacks merit.

Plaintiff's objections state that the Court's statement that she does not point out which listing

she allegedly established makes no sense because Plaintiff addressed 12.04 in her brief on pages twelve through sixteen. *Objections* at 2. But Plaintiff does not mention 12.04 in her brief on pages twelve through sixteen. She mentions 12.04 twice, on pages ten and eleven, as follows:

> "The listings for mental disorders are arranged in nine diagnostic categories: Organic mental disorders (12.02); schizophrenic, paranoid and other psychotic disorders (12.03); affective disorders (12.04); mental retardation (12.05); anxiety-related disorders (12.06); somatoform disorders (12.07); personality disorders (12.08); substances\ addiction disorders (12.09); and autistic disorder and other pervasive developmental disorders (12.10). Each listing, except 12.05 and 12.09, consists of a statement describing the disorder(s) addressed by the listing, except 12.05 and 12.09, consist of a statement describing the disorder(s) addressed by the listing, paragraph A criteria (a set of medical findings), and paragraph B criteria (a set of impairment-related functional limitations). There are additional functional criteria (paragraph C criteria) in 12.02, 12.03, 12.04, 12.06, discussed herein."

These are the only references to 12.04 and do not point out that Plaintiff allegedly established a 12.04 listed impairment; therefore, Plaintiff's objection lacks merit.

Plaintiff's objections correctly point out the Court's statement that to establish a 12.04 listed impairment, Plaintiff must satisfy both 12.04(A) and (B) or 12.04(C). Plaintiff then restates the Court's finding that she did not establish a 12.04(A) listed impairment. Plaintiff then explains the (B) criteria and how she established them; however this is irrelevant because she has not established the (A) criteria. Plaintiff's objection fails to show that she established a 12.04 listed impairment.

Plaintiff also objects to the ALJ's failure to consider whether her failure to comply with treatment might be excusable because of her mental condition and limited cognitive functioning. Plaintiff's objection regarding her noncompliance lacks merit for several reasons. First, she pointed out in her brief three medical records stating that she was noncompliant with her treatment, yet she did not address her noncompliance or raise the issue that it might have been justifiable. Generally,

a condition remediable by treatment is not disabling. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990); 20 C.F.R. § 404.1507. Therefore, if her noncompliance should be excepted from the general rule, then she should have made that argument, or at least raised the issue. This objection is to the ALJ's Decision, yet is included in Plaintiff's Objections to the Report and Recommendation and was not raised in her appeal brief.

Second, Defendant pointed out in his brief two medical records indicating Plaintiff's noncompliance with treatment and asserted that the medical record supports the ALJ's determination that Plaintiff's mental impairments were effectively managed with counseling and medication when she was medically compliant and not engaged in substance abuse. There was no evidence to refute that assertion.

Finally, Plaintiff does not assert that her noncompliance was justifiable; she merely claims that it is a possibility that the ALJ should have considered. Plaintiff cites case law from United States District Courts in Pennsylvania, New York, and Louisiana to support her contention, raised for the first time in her Objections, that noncompliance with treatment may be justifiable, such as in the case of a mental impairment. She also cites Social Security Ruling 82-59 as listing circumstances under which noncompliance generally will be accepted as justifiable. She does not, however, assert that her noncompliance was justifiable. She merely faults the ALJ for not explicitly addressing the issue, which she had failed to raise in her appeal brief. Thus, the issue was not considered in the Report and Recommendation. For these reasons, the Court finds that her objection lacks merit.

Generally, 20 C.F.R. § 404.1507 prohibits payment of disability benefits to a claimant whose

condition is remediable but who consciously refuses to proceed with corrective measures. *McCarty v. Richardson*, 459 F.2d 3, 4 (5th Cir. 1972); *see also Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Therefore, Plaintiff's final objection, that the ALJ did not properly consider how her medications' side effects impacted the severity of her impairment, lacks merit. The ALJ found that she did not comply with her treatment; therefore, she is not entitled to payment of disability benefits. Consequently, how her medications' side effects impacted the severity of her impairment is irrelevant in this case because her noncompliance prohibits her receipt of disability benefits. She does not differentiate among the side effects of her varied medications or among the prescribed medications with which she did or did not comply, and why. The medical record chronology shows that when she was compliant with her treatment, she was doing better, even doing well, and her symptoms were under control, and that none or her alleged impairments lasted or were expected to last at least twelve months.

This Court has made a *de novo* review of Plaintiff's objections and determined that the objections lack merit. This Court finds that the Magistrate Judge's findings and conclusions are correct and adopts them as the Court's findings and conclusions. Accordingly, it is

**ORDERED** that Plaintiff's above-entitled and numbered social security action is **DISMISSED**. It is further

**ORDERED** that all motions not previously ruled on are denied.

**SIGNED this 7th day of September, 2010.**

---
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE